FILED

**UNITED STATES DISTRICT COURT** 2015 MAR 31 A 10: 31
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION** CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| VALERIE MARIE MOORE, on behalf of herself and others similarly situated, | ) ) ) CASE NO.: 3:15-CV-403-J-32JRK |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** |
| | ) **FOR DAMAGES AND** |
| v. | ) **INJUNCTIVE RELIEF** |
| | ) **PURSUANT TO THE** |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) **TELEPHONE CONSUMER** |
| JOHN DOES 1-100, AND ANY OTHER | ) **PROTECTION ACT, 47 U.S.C. §§** |
| UNKNOWN DEFENDANT, | ) **227 ET SEQ.** |
| | ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |
| | ) |

## CLASS ACTION COMPLAINT

Valerie Marie Moore ("Plaintiff") brings this Class Action Complaint for damages,

injunctive relief, and any other available legal or equitable remedies, resulting from the

illegal actions of Diversified Adjustment Service, Inc. and John Does 1-100 ("Defendant"),

in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"),

thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge

as to her own acts and experiences, and, as to all other matters, upon information and belief,

including investigation conducted by her attorneys.

## INTRODUCTION

1.     This is a class action brought by Plaintiff, pursuant to Federal Rule of

Procedure 23, on behalf of herself and (1) all persons in the United States (2) to whose

cellular telephone number (3) Defendant placed a non-emergency call (4) using an artificial or prerecorded voice in an attempt to collect a debt (5) within four years of filing this Complaint (6) where Defendant did not have prior express consent to call that cellular telephone number (the "Class").

2.      Plaintiff seeks damages and injunctive relief resulting from Defendant's illegal actions in contacting Plaintiff and Class members on their cellular telephone for non-emergency purposes using a prerecorded message or artificial voice without prior express written consent of the called party in violation of the TCPA.

3.      In 1991, Congress enacted the TCPA[1], a consumer protection and privacy statute aimed at alleviating the growing number of consumer complaints regarding certain telemarketing practices.

4.      Specifically, "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 742 (2012).

5.      The TCPA regulates, among other things, the use of automated telephone equipment ("ATDS"), or "autodialers," when calling cellular telephones without appropriate consent. 47 U.S.C. § 227(b)(1)(A)(iii). In particular, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless telephone number in the absence of an emergency or without the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).

6.     Congress vested the Federal Communication Commission ("FCC") with the authority to issue regulations implementing the TCPA.

7.     According to findings by the FCC, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.   Such calls can also be costly and inconvenient, as wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

8.     On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. *See In re Rules and Regulations Implementing the TCPA*, 27 FCC Rcd. 1830, 1838-40 (2012). Pursuant to FCC rules, effective October 16, 2013, unambiguous written consent is required before a telemarketer makes an autodialed or prerecorded call to a wireless number.  Further, there is no exception for telemarketers that have an established business relationship with the consumer.

## JURISDICTION AND VENUE

9.     The Court possesses federal question subject matter jurisdiction over the TCPA claims. *Mims*, 132 S. Ct. at 740.

10.     This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i) there are 100 or more Class Members, (ii) upon information and belief there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is

3

minimal diversity because at least one plaintiff and one defendant are citizens of different states.

11.     Venue is proper in this district under 28 U.S.C. § 1391 because Defendant continuously conducts business in this district.

## PARTIES

12.     Plaintiff Moore is, and at all times mentioned herein was, a citizen and resident of the State of Florida. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a collection agency, and a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff is ignorant of the true names and capacities of the Defendants Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, and therefore have sued them by the foregoing names which are fictitious. Plaintiff asks that when their true names and capacities are discovered that this Complaint may be amended by inserting their true names and capacities in lieu of said fictitious names, together with appropriate and proper words to charge them. All references to any named defendant shall also refer to said Does. When the true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of the fictitiously named defendants was responsible in some manner for the acts and omissions alleged herein and are liable to Plaintiff herein.

14.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Florida and within this judicial district.

4

15.     Defendant is a collection agency headquartered in Coon Rapids, Minnesota.

16.     Within the last year, Defendant attempted to collect a consumer debt from Plaintiff Moore.

17.     Defendant is a business entity engaged in the collection of debt within the State of Florida.

18.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20.     During the course of its attempts to collect debts allegedly owed to third parties, Defendant placed telephone calls to Plaintiff Valerie Marie Moore and the Class members.

21.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22.     On multiple occasions over numerous days, all prior to the date this Complaint was filed, but over an extended period prior to the date this Complaint was filed, Defendant contacted Plaintiff Moore on Plaintiff Moore's cellular telephone *via* an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

23.     The alleged debt at issue arises from transactions for personal, family, and household purposes.

5

24.     Defendant calls Plaintiff Moore on her cellular telephone at 904-567-82xx and 404-822-04xx, attempting to collect the alleged debt.

25.     Defendant calls Plaintiff from 877-795-7005 and 877-816-7196, which are telephone numbers that belong to the Defendant.

26.     During these telephone calls Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227 (b)(1)(B).

27.     When Plaintiff Moore answers the telephone calls from Defendant, an automated recording plays.

28.     When Plaintiff Moore answers the telephone calls from Defendant, she repeatedly says "hello" and "who is this," but is never able to speak with one of Defendant's live collectors.

29.     Plaintiff sent Defendant a letter directing Defendant to cease and desist via United States mail.  The letter was never returned.

30.     On numerous other occasions, Defendant has left messages for Plaintiff on Plaintiff's cellular telephone.

31.     The aforementioned messages left by Defendant on Plaintiff's cellular telephone were not left by one of Defendant's live collectors.

32.     Rather, Defendant left the aforementioned messages on Plaintiff's cellular telephone using an artificial or prerecorded voice.

33.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

6

34.     Plaintiff Moore did not provide prior express consent to receive calls on Plaintiff Moore's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35.     These telephone calls by Defendants violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

36.     Plaintiff Moore brings this action on behalf of herself and on behalf of all others similarly situated pursuant to Rule 23.

37.     Plaintiff Moore represents, and is a member of a class of similarly situated persons, consisting of all subscribers to wireless telephone numbers whose numbers were dialed by Defendant in an attempt to collect a debt, including without limitation calls to the cellular phones, where such calls were placed through the use of an automated dialer system and/or artificial or pre-recorded voice during the Class Period, beginning four (4) years from the filing of this complaint.

38.     Excluded from Class is any Defendant, its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the action is assigned, and any member of those judges' staffs and immediate families.

39.     Plaintiff Moore and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer

7

messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

40.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or otherwise revise the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

41.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

42.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

        a.  Whether, within the Class period as defined above,  Defendant made any call (other than a call made for emergency purposes) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

        b.  Whether Defendant had prior express consent to place the calls;

        c.  Whether Defendant failed to allow Plaintiff and Class members to opt out of the calls;

8

d.  Whether Defendant negligently violated the TCPA;

e.  Whether Defendant willfully violated the TCPA;

f.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

g.  Whether Defendant should be enjoined from engaging in such conduct in the future.

43.    As a person that received numerous calls using an automatic telephone dialing system and/or an artificial or prerecorded voice, without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

45.    Plaintiff has retained counsel experienced in handling class action claims. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action

9

for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**CAUSES OF ACTION**

**COUNT I:**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227 ET SEQ.)**

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*. Each of the calls made to Plaintiff constituted a violation of the TCPA individually.

49.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

10

**COUNT II:**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227 ET SEQ.)**

51.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

55.     As a result of Defendant's, and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 227(b)(3)(B).

11

56.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

57.     Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

58.     As a result of Defendant's, and Defendant's agents' willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

60.     Any other relief the Court may deem just and proper or any other remedy available for Defendant's violations alleged herein.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED,

KOMLOSSY LAW P.A.

Emily C. Komlossy (FBN 7714)
Ross A. Appel (FBN 90865)
2131 Hollywood Blvd., Suite 408
Hollywood, FL 33020
Telephone: 954-842-2021
Fax: 954-416-6223

12

ekomlossy@komlossylaw.com
raa@komlossylaw.com

Trial counsel for Plaintiff

SALAS WANG LLC
Jeffrey M. Salas
John C. Wang
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
Tel: 312.803.4963
Fax: 312.244.3151
jsalas@salaswang.com

LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons
50 Albany Turnpike, Suite 4024
Canton, CT 06019
Tel: 860.920.5181
Fax: 860.920.5174
joshuakons@konslaw.com

*Attorneys for Plaintiff*